UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:  Bankruptcy No. 10-30455
Chapter 7

Dale C. Kana and
Barbara LoAnn Kana,

              Debtors.
_____/

**MEMORANDUM AND ORDER**

Before the Court is a motion for turnover filed on November 23, 2010, by Kip M. Kaler, the Chapter 7 trustee in this case. The trustee asserts that Debtors Dale and Barbara Kana's interest in a unitrust is property of the bankruptcy estate and seeks turnover from anyone holding the property. He also requests turnover of any distributions from the unitrust received or in Debtors' possession as of the commencement of their bankruptcy case. Debtors resist the motion.

Background

Both Debtors are 77 years old. Debtor Barbara Kana testified that her husband, Debtor Dale Kana, was diagnosed with Alzheimer's six years ago. Despite applying for 40 jobs in the last couple years, Debtor Barbara Kana was unable to obtain employment, and she now is unable to work because she is a fulltime caregiver for her husband.

Debtor Barbara Kana testified that she applied for county assistance for her husband's care, but that Debtors were ineligible based on lack of financial need. Specifically, Debtor Dale Kana owns a life insurance policy, and the county demanded it be cashed in for him to qualify. Debtor Barbara Kana testified that if they cashed in the insurance policy, the Internal Revenue Service (IRS) would have taken it all because it has a claim against Debtors for unpaid taxes, and Debtors would have been left with nothing.

Debtors filed a voluntary petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code on April 23, 2010. Debtors' average monthly income, as indicated on Schedule I, is $3,524.00. Debtors receive $2,751.00 from social security and $773.00 from the unitrust, although Debtors actually receive distributions from the unitrust quarterly. Debtor Barbara Kana testified that Debtors received their payment for the first quarter of 2010, but not the second, third or fourth payments. She clarified this by stating that they did receive the second quarterly payment but have not yet cashed the check.

Debtors list their average expenses on Schedule J as $3,471.00. Debtor Barbara Kana testified, however, that their expenses have increased since filing. Specifically, their health care expenses increased from $329 to $353, and their medical/dental expenses increased from $400 to $800. Further, Debtors listed their IRS expense as $175, but IRS has informed Debtors that the monthly amount due is $387.

On Schedule B, Debtors list an AXA life insurance policy with a $26,000 cash value as an asset. Debtor Barbara Kana testified that the cash value is less now because Debtors took a loan against the cash value that they subsequently paid off using the cash value. She was unsure of the precise current cash value of the policy, but testified that it is less than $20,000.

Discussion

The trustee contends that Debtors' interest in the unitrust, including any distributions Debtors received after the commencement of this bankruptcy case, is property of the bankruptcy estate and should be turned over to the trustee.

Section 542(a) of the Bankruptcy Code obligates a debtor to turn over to the trustee all nonexempt property of the bankruptcy estate. "The burden of proof in a turnover proceeding is at

2

all times on the receiver or trustee; he must at least establish a *prima facie* case. After that, the burden of explaining or going forward shifts to the other party, but the ultimate burden or risk of persuasion is upon the receiver or trustee." Evans v. Robbins, 897 F.2d 966, 968 (8th Cir. 1990). As part of a *prima facie* case, the trustee must demonstrate by clear and convincing evidence that the assets in question are part of the bankrupt's estate. Id.

In general, property of the estate includes "[a]ll legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); Benn v. Cole (In re Benn), 491 F.3d 811, 813 (8th Cir. 2007). The scope of section 541(a)(1) is very broad and includes property of all descriptions, tangible and intangible, as well as causes of action. See Nelson v. Ramette (In re Nelson), 274 B.R. 789, 791 (B.A.P. 8th Cir. 2002).

At the hearing, Debtors presented the testimony of Debtor Barbara Kana and two exhibits, the proof of claim filed by IRS and Debtors' Schedules I and J. The trustee cross examined Debtor Barbara Kana, but did not call any witnesses or present any documentary evidence. Specifically, although a copy of the unitrust was attached to the trustee's motion for turnover, it was not submitted into evidence at the hearing. It is well settled that pleadings – and attached exhibits – are not evidence. See In re Duttenhefer, No. 09-30707, 2009 WL 2880063, at *2 (Bankr. D.N.D. Sept. 3, 2009) (citing In re M.A.S. Realty Corp., 326 B.R. 31, 39 (Bankr. D. Mass. 2005); In re Blair, 196 B.R. 477, 478 (Bankr. E.D. Ark. 1996); In re Brownell, No. 05-106002-JMMMD, 2005 WL 1244844, at *1 (Bankr. D.N.H. (May 24, 2005); In re Wilmington Hospitality L.L.C., No. 01–19401DWS, 2003 WL 21011689, at *1 n.1 (Bankr. E.D. Pa. Apr.18, 2003). Debtor Barbara Kana's testimony did not include sufficient details about the unitrust's provisions for the Court to conclude that there is clear and convincing evidence that Debtors' have an interest in the unitrust

that constitute's estate property. Because of the burden of proof, the lack of evidence inures to the benefit of Debtors. The Court is bound by the evidence presented and not what may amount to speculation or suspicion. The Court cannot grant relief without an adequate evidentiary record that the trustee is entitled to turnover, and the trustee has failed to meet his burden of proof.

Accordingly, the trustee's motion for turnover pursuant to 11 U.S.C. § 542(a) is in all things DENIED. The Court has considered all other arguments and deems them to be without merit.

**SO ORDERED.**

Dated this May 6, 2011.

**WILLIAM A. HILL, JUDGE
U.S. BANKRUPTCY COURT**

4